United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20783
Conference Calendar

DARRELL J. HARPER,

                                        Plaintiff-Appellant,

versus

DORSETT BROTHERS; ET AL.,

                                        Defendants,

DORSETT BROTHERS; EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-2059
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Darrell J. Harper filed a civil complaint against Dorsett

Brothers Concrete Supply, Inc., and the Equal Employment

Opportunity Commission (EEOC) for $4,000,000, alleging that he

had been dismissed from his employment with Dorsett Brothers

because of his race.  The district court dismissed his complaint

because it violated an injunction entered December 23, 2002.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harper has filed a motion in this court seeking leave to proceed in forma pauperis (IFP) on appeal.

Because Harper does not address the reason for the district court's dismissal of his complaint, he has failed to establish a nonfrivolous ground for appeal. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); FED. R. APP. P. 24(a). His IFP motion is DENIED. As the appeal contains no nonfrivolous issues, it is DISMISSED. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

We previously cautioned Harper that the filing or prosecution of frivolous appeals would subject him to sanctions. Harper v. City of Houston, No. 04-20787 (5th Cir. June 21, 2005) (unpublished). That appeal, too, involved the district court's dismissal for failure to comply with the December 23, 2002, injunction. Because this appeal was briefed prior to our warning, we decline to sanction Harper at this time. However, we reiterate our warning. Harper should review all pending appeals to ensure that they are not frivolous.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.